

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2006

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1590

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Robinson" (2006). *2006 Decisions.* Paper 640.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/640

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1590

UNITED STATES OF AMERICA

v.

DAVID ROBINSON,
Appellant

On Appeal from the United States District
Court for the Eastern District of Pennsylvania
D.C. Crim. 04-cr-00655
District Judge: The Honorable Berle M. Schiller

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2006

Before: SMITH, ALDISERT and ROTH, Circuit Judges

(Opinion Filed: August 1, 2006)

OPINION

ALDISERT, Circuit Judge

David Robinson was sentenced to 151 months' imprisonment by the United States

District Court for the Eastern District of Pennsylvania. He now appeals. For the reasons

explained below, we will vacate his sentence and remand his case for resentencing.

## I.

The parties are familiar with the facts and proceedings in the District Court, so we will only briefly revisit them here. On October 13, 2004, Robinson was charged with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possession of heroin by a federal prisoner, in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(A). On November 12, 2004, Robinson pled guilty to all counts without a plea agreement. At his change of plea hearing, Robinson agreed that a fourth, uncharged bank robbery could be used to help calculate his sentence.

A pre-sentence investigation report ("PSR") was prepared. Relevant therein, the PSR concluded that Robinson was a career offender pursuant to U.S.S.G. § 4B1.1. Accordingly, it determined Robinson's total offense level to be 29, which, together with a criminal history category of VI, resulted in a recommended Guidelines range of 151 to 188 months' imprisonment. Robinson challenged the career offender designation in his sentencing memorandum, arguing that this designation was incorrect and that the Court should exercise its powers under 18 U.S.C. § 3553(a) to impose a below-Guidelines sentence.

Robinson renewed this challenge at his February 14, 2005 sentencing hearing. He argued that the PSR overstated his criminal history and that the Court was confusing the standards for career offender by considering the instant offenses as part of his criminal

history.[1]  Robinson contended that the destructive influence of drugs upon his life and

---

[1]   Robinson contends that the Court improperly considered the *instant* offenses as being part of his *prior* criminal history for purposes of calculating his career offender status, which would be a clear violation of prong three of § 4B1.1.  He relies upon the following dialogue for support:

> THE COURT: Well, don't these three bank robberies get him into a --
> DEFENSE COUNSEL: Your Honor, I can't -- you can't -- you can't --
> THE COURT: -- get him into a career status?
> DEFENSE COUNSEL: Well, you can't -- you can't use them as far as this proceeding goes, getting him into a career status.  I think the Court knows and, you know, the facts of the case is [sic] before you on the bank robberies, here's a guy that goes in, gives a very polite note each time -- and just think about this, your Honor.  How -- is this committing bank robberies or is he trying to get caught?
> The last time he's on a walker.  How far could he get with robbing a bank on a walker with a full length cast?
> THE COURT: About a half a block.
> DEFENSE COUNSEL: That's about where he got.  And I suggest to the Court that -- that that is in his mind to begin with.  Here's a guy that's out there trying to get help.
> THE COURT: Are you trying to say that he did not intend to rob these people?
> DEFENSE COUNSEL: Oh, absolutely not, your Honor.  No, I'm not saying that at all.  What I'm saying is - -
> THE COURT: Well, why wouldn't they count?
> DEFENSE COUNSEL: What?
> THE COURT: Towards a career status --
> DEFENSE COUNSEL: The bank robberies?
> THE COURT: Yes.
> DEFENSE COUNSEL: Because you can't use the current charges in determining a career status.  You can only use past criminal history.  That's all.

Sentencing tr., app. at 88-89.

In all likelihood, however, the Court was questioning whether Robinson was arguing that the instant bank robbery and drug possession convictions did not meet prong two of U.S.S.G. § 4B1.1(a) ("(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense[.]"), not whether they fulfilled the

3

circumstances surrounding his prior crimes should have moved the Court to reject the career offender status recommendation of the PSR. Without that classification, he argued, he would have had a total offense level of 23 and a criminal history category of V, which would have merited a Guidelines range of 84 to 105 months.

The District Court heard Robinson's arguments and those of the government, but did not issue a ruling. See Sentencing Tr., app. at 92, 99. Instead the Court proceeded to discuss the length and nature of the sentence it was imposing, 151 months' imprisonment—the minimum sentence recommended under the Guidelines range enhanced by the career offender classification. In imposing sentence, the Court stated:

> In reaching this sentence I have considered all the factors enumerated in Title 18, Section 3553(a) of the United States Code. I've also consulted the sentencing guidelines and the specific sentencing range that those Guidelines recommend.
>
> I find that under the Guidelines my starting point is level 29, Criminal Category VI, so that your sentence might not represent unwarranted departure from those imposed for similar crimes committed by similar defendants.
>
> Accordingly, I have examined the nature and circumstances of your offense, and your history and characteristics. The sentence that I'm about to impose reflect [sic] the seriousness of your offenses. It will provide adequate deterrence to criminal conduct and protect the public, and it will, I hope, provide you with any correctional treatment you might need.
>
> My sentence also considers the relevant policy statements issued by the Sentencing Commission. Finally, the sentence I will now impose will reflect the need to provide restitution to any of the victims of your offense.

---

prior convictions requirement of prong three of § 4B1.1. Nonetheless, because we will remand for further proceedings, we need not address whether such an error in fact occurred.

4

> In sum, I consider your sentence to be sufficient, but not greater than necessary to comply with the United States Code, Section 3553(a) of Title 18, and the United States Supreme Court decisions in <u>Apprendi</u>, <u>Blakely</u>, and <u>United States v. Booker</u>.
>
> In this case, a sentence within the range established by the Guidelines fulfills the purpose of sentencing that I have set forth in accordance with both Section 3553(a) and with the <u>Booker</u> line of Supreme Court decisions.
>
> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant David Robinson is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months on each of Counts 1 through 4, such terms to be served concurrently, and that he shall participate in in-patient drug treatment.

Sentencing Tr., app. at 99-100. Notably, in this discussion, the Court did not address Robinson's challenges. Robinson now appeals his sentence, arguing that: (1) the Court erred in calculating his career offender status, (2) it did not sufficiently state the reasons for the sentence it was imposing, especially in light of his career offender challenge, and finally, (3) that the sentence is unreasonable.

## II.

We have jurisdiction to hear Robinson's appeal pursuant to 18 U.S.C. § 3742(a)(1). <u>United States v. Cooper</u>, 437 F.3d 324, 327 (3d Cir. 2006). To the extent that Robinson argues that the District Court erred in failing to depart downward under the Sentencing Guidelines, we lack the jurisdiction to review that question. <u>See id.</u>, at 333.

In <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Supreme Court directed that we review sentences for reasonableness. <u>Id.</u> at 261. At the time of the sentencing, the District Court did not have the advantage of our teachings in <u>Cooper</u>, wherein we set forth

a framework on how we would determine reasonableness. We stated that there are two components to our reasonableness review: (1) an examination of the Court's treatment of the relevant sentencing factors, and (2) a review of how the Court applied the relevant factors to the facts of the case at hand. Cooper, 437 F.3d at 329-330. Accordingly, before we can assess the reasonableness of Robinson's sentence, i.e., how the factors were applied to the facts of Robinson's case, we must satisfy ourselves that the District Court "exercised its discretion by considering the relevant factors." Id. at 329 (citing the factors listed at 18 U.S.C. § 3553(a)). Although a sentencing court does not need to make explicit findings on each § 3553(a) factor, it must be clear from the record that it "took the factors into account in sentencing." Id. The record must indicate that the sentencing court gave them meaningful consideration and that it addressed all arguments raised by the parties that rest upon "a ground of recognized legal merit (provided it has a factual basis)." Id. (quoting United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)).

## III.

In light of our requirements set forth in Cooper, which the District Court did not have the liberty of knowing before imposing sentence, we must vacate Robinson's sentence and remand his case to the District Court because it did not adequately address Robinson's arguments that (1) the PSR overstated his criminal history, (2) that the Court should not apply the Guidelines' career offender enhancement provision and (3) the Court should depart from the advisory Guidelines range under its § 3553(a) powers. We cannot address the reasonableness of the sentence imposed unless we are satisfied that the Court

6

addressed all relevant challenges that may impact its sentencing calculation. We stress, however, that we are not expressing any opinion on whether the sentence imposed by the Court was reasonable or unreasonable. We simply remand for the Court to adequately address Robinson's challenges in light of the instructions we provided in <u>Cooper</u>.

* * *

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. We will vacate Robinson's sentence and remand for resentencing.