**Charles Paul SOROKA, Petitioner,**

v.

**Charles DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

**No. CV 06–841–MA.**

United States District Court, D. Oregon.

Dec. 5, 2006.

Stephen R. Sady, Chief Deputy Federal Defender, Portland, OR, for Petitioner.

Karin J. Immergut, United States Attorney, Scott Erik Asphaug, Assistant United States Attorney, Portland, OR, for Respondent.

## OPINION AND ORDER

MARSH, District Judge.

This matter is before the Court on petitioner Soroka's Petition for Writ of Habeas (# 1) pursuant to 28 U.S.C. § 2241. For the following reasons, the court GRANTS the Petition.

■ Petitioner pleaded guilty to three counts of bank robbery and, in September 2004, was sentenced to 63 months imprisonment. The court ordered petitioner to pay restitution to the victimized banks in the amount of $7,980.00 pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664. Specifically, as part of the Judgment, the court imposed the following conditions relating to

the schedule of restitution payments during the period of supervised release:

Restitution is due and owing in full; If there is any unpaid balance *at the time of defendant's release from custody,* it shall be paid at the maximum installment possible and not less than $50.00 per month.

*See* Schedule of Payments—Supervised Release, ¶ D (emphasis added).

The court also provided for restitution payments while petitioner remained imprisoned:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, *payment of criminal monetary penalties shall be due during the period of imprisonment.* All criminal monetary penalties, *except those payments made through the Federal Bureau of Prisons' Inmate* Financial Responsibility Program, are made to the clerk of the court. . . .

*Id.* (Emphasis added).

After his term of imprisonment began in September 2004, petitioner entered into an agreement with BOP to pay $25.00 per quarter under the Bureau of Prisons' voluntary Inmate Financial Responsibility Program (IFRP) towards repayment of the restitution penalty. That amount was later increased to $50.00 per quarter. In May 2006, petitioner changed his mind and refused to make further restitution payments during his incarceration. As a result, BOP placed petitioner in "IFRP Refuse" status, and has since imposed a number of sanctions against him based on his failure to agree voluntarily to make restitution payments for the remainder of his imprisonment.

■ Petitioner's habeas claim is limited to the proposition that, under *U.S. v. Gunning,* 401 F.3d 1145 (9th Cir.2005) (*Gun-*

*ning II*), decided after his sentence was imposed, only the court has the authority to set a schedule of restitution payments while petitioner is in prison and that authority cannot be delegated to BOP. *See also U.S. v. Gunning,* 339 F.3d 948 (9th Cir.2003) (*Gunning I*)(the court may not delegate the scheduling of restitution payments to the Probation Office). Petitioner does not challenge the constitutionality of the MVRA or BOP's authority, generally, to use the IRFP to collect fines or restitution assessed against him by the court while he is incarcerated, as long as the monthly schedule of payments is set by the court, not BOP.

Accordingly, petitioner seeks an order vacating BOP's decision to place him in "IFRP Refuse" status, vacating BOP's sanctions imposed against him, and restoring him "to the position he would have been but for BOP's wrongful actions."

Respondent argues *Gunning II* is distinguishable because petitioner's restitution was "due and payable immediately and petitioner 'has the choice whether to make any payments at all while he is incarcerated.' "

I disagree. In this case, as in *Gunning II*, the sentencing court did not establish a specific schedule of restitution payments to be collected by BOP while petitioner was serving his prison sentence. BOP's action in doing so under the IFRP, therefore, was unlawful. Accordingly, I conclude the imposition of sanctions against petitioner for his failure to acquiesce in BOP's IFRP restitution payment schedule for petitioner was not in accordance with law. 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").

### CONCLUSION

For these reasons, the court GRANTS petitioner's Petition for Writ of Habeas

Corpus (# 1), and ORDERS BOP to vacate its decision to place him in "IFRP Refuse" status, to vacate all sanctions it imposed against him, and to restore petitioner to the position he would have been but for BOP's decision to place him in "IFRP Refuse" status.

IT IS SO ORDERED.