

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4833

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Robinson" (2008). *2008 Decisions.* Paper 483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4833

_____

UNITED STATES OF AMERICA

v.

DAVID ROBINSON,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00655)
District Judge: Honorable Berle M. Schiller

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2008

_____

Before: SLOVITER, FUENTES and ALDISERT, Circuit Judges
(Filed:    September 26, 2008)

_____

OPINION

_____

ALDISERT, Circuit Judge

Appellant David Robinson contends that his sentence of 151 months of

imprisonment, five years of supervised release, restitution in the amount of $5,886 and a

special assessment of $400 is unreasonable and that his case should be remanded for resentencing. Robinson contends that his sentence is unreasonable because the District Court erred by (1) not adequately considering the statutory sentencing factors in 18 U.S.C. § 3553(a); (2) not offering an adequate explanation of its reasons for imposing this particular sentence as required by § 3553(c); and (3) incorrectly classifying him as a career offender. Robinson also contends the District Court erred by denying his request for a downward departure from the sentencing guidelines. We will affirm.

I.

The burden to show unreasonableness rests on the party challenging the sentence, and this Court gives deference to a district court's judgment on whether sentencing was reasonable under § 3553(a). United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). A district court need not state on the record that it has explicitly considered each of the § 3553(a) factors nor explicitly record its consideration of each factor. Instead, "the record must demonstrate that the trial court gave meaningful consideration to the § 3553(a) factors." Id. at 329.

Robinson contends that the District Court unduly focused on § 3553(a)(4). It is clear, however, that the District Court also considered other factors. See App. 58-64. For example, the District Court considered "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

and to provide just punishment," id. § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B); "the need for the sentence imposed to provide the defendant with the needed . . . medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D); and "the need to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C). Based on the District Court's treatment of the factors and the deference due the District Court, we are satisfied that the District Court adequately considered the § 3553(a) factors.

II.

Robinson also contends that the District Court did not fulfill the requirements of § 3553(c). Section 3553(c) requires a district court to "state in open court the reasons for its imposition of a particular sentence." 18 U.S.C. § 3553(c). This Court has found the requirement satisfied "when a district court indicates the applicable Guideline range, and how it was chosen." United States v. Georgiadis, 933 F.2d 1219, 1223 (3d Cir. 1991). If the range exceeds 24 months, the district court must state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1).

The District Court explained that it was imposing a sentence consistent with the guidelines and reflective of the § 3553(a) factors, with a focus on Robinson's failure to capitalize on the opportunities given through lenient sentences for his previous crimes. See App. 60. Accordingly, we are satisfied that the District Court fulfilled the requirements of § 3553(c).

3

III.

Robinson also contends that his sentence is unreasonable because the District Court incorrectly found him to be a career offender. In his brief on appeal, however, Robinson concedes that he qualifies under the sentencing statute as a career offender. Appellant's Br. at 31. Given Robinson's criminal history, we are satisfied with the District Court's finding that Robinson was a career offender.

IV.

Finally, Robinson contends that the District Court erred in denying a downward departure from the sentencing guidelines. We decline to review this claim because we lack jurisdiction to review a district court's decision to deny a downward departure. Cooper, 437 F.3d at 332-333.

\* \* \* \* \*

We have considered all of the contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.