

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2009

# USA v. David Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. David Robinson" (2009). *2009 Decisions.* Paper 1245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-172                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4858
_____

UNITED STATES OF AMERICA

v.

DAVID ROBINSON,

                                                  Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-cr-00655-1)
District Judge:  Honorable Berle M. Schiller

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2009

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed: June 2, 2009)

_____

OPINION
_____

PER CURIAM

    Appellant David Robinson, a federal prisoner incarcerated at the United States

Penitentiary in Lewisburg, Pennsylvania, was convicted of bank robbery in violation of

18 U.S.C. § 2113(a), and possession of heroin by a federal prisoner in violation of 18 U.S.C. § 1791(a)(2). He was sentenced in United States District Court for the Eastern District of Pennsylvania to a total term of imprisonment of 151 months, to be followed by a term of supervised release of 5 years. He was ordered to pay a special assessment of $400.00 and to make restitution in the amount of $5,886.00. We affirmed the judgment of sentence on direct appeal in United States v. Robinson, 293 Fed. Appx. 958 (3d Cir. 2008), on September 26, 2008. Robinson did not challenge the order of restitution on direct appeal.

On October 3, 2008, Robinson filed an item in the sentencing court titled "Supplemental Filing to Motion To Waive Restitution," which the District Court treated as a motion to waive restitution.[1] In this one-paragraph motion, Robinson stated that:

> I present new evidence to the Court, citing a case which has been affirmed in regards to fine & restitution costs involving inmates in the Bureau of Prisons. This case is Soroka v. Daniels, 467 F. Supp.2d 1097-98 (District of Oregon 2006.) Where the Court ruled that the Bureau of Prisons cannot dictate that prisoners participate in the Inmate Federal Responsibility Payment Program (IFRP). Nor should these prisoners be penalized with harse [sic] restrictions if they chose not to participate in this payment program.

(Motion, at 1.) Robinson went on to ask that he not be required to make his restitution payments until he is released to serve his term of supervised release.

The Government submitted a response to the motion, noting that Robinson had not

---

[1] This "supplemental" motion makes reference to an original motion submitted on September 22, 2008, but no such motion appears on the docket.

complained of a procedural error in the imposition of restitution, and, in any event, an inmate may not challenge the imposition of restitution in a motion to vacate sentence under 28 U.S.C. § 2255.[2]  The Government was of the view that federal habeas corpus jurisdiction, 28 U.S.C. § 2241, also would not lie because Robinson's claim "that he no longer wishes to pay [restitution]" is not a challenge to the execution of his sentence. (Response, at 2.)  In an order entered on December 2, 2008, the District Court denied the motion to waive restitution without explanation, except that the court referred to the Government's response.

Robinson appeals.  The Government has filed a motion for summary affirmance pursuant to Third Cir. LAR 27.4 and I.O.P. 10.6, to which Robinson has not responded.

We will grant the Government's motion and summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal.  We have jurisdiction under 28 U.S.C. § 1291.  Although, as the Government noted, the exact nature of Robinson's challenge is unclear, we are satisfied that he has not stated a basis for jurisdiction in the sentencing court.

For the foregoing reasons, we will grant the Government's motion and summarily affirm the order of the District Court denying appellant's motion to waive restitution.

---

[2] We note further that Robinson did not make an improper delegation argument.  See United States v. Coates, 178 F.3d 681, 684-85 (3d Cir. 1999) (ordering schedule of restitution payments is judicial function that cannot be delegated in whole or in part).