OPINION
PER CURIAM.
David Robinson, a federal prisoner proceeding pro se, appeals from the District Court’s order denying his “Notice and Demand to Dismiss for Lack of Jurisdiction,” and its subsequent order denying reconsideration thereof. The government has moved for summary affirmance. Because this appeal does not present a substantial question, we will grant the motion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
In October 2004, a grand jury in the United States District Court for the Eastern District of Pennsylvania returned an indictment against Robinson charging him with three counts of bank robbery in violation of 18 U.S.C. § 2113(a), and one count of possession of heroin by a federal prisoner in violation of 18 U.S.C. § 1791(a)(2). Robinson pled guilty to all counts, and, on November 14, 2006, was sentenced to an aggregate term of 151 months’ imprisonment followed by 5 years of supervised relief.[1] On September 26, 2008, we affirmed the judgment of sentence. United States v. Robinson, 293 Fed.Appx. 958 (3d Cir .2008).
*116 Meanwhile, on July 29, 2008, Robinson filed in the District Court a motion titled “Notice and Demand to Dismiss for Lack of Jurisdiction-28 U.S.C. § 1359; F.R.C.P. Rules 9(b), 12(b)(1), 12(h)(3).” (Dist.Ct. Dkt.# 49.) In the motion, Robinson claimed that the District Court never had jurisdiction over his criminal case because “it lacked exclusive jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment was alleged to have taken place.” (Dist.Ct.Dkt.# 49, p. 2.) The government opposed the motion on the ground that Robinson’s argument was meritless. By order entered August 25, 2008, the District Court denied the motion. Robinson sought reconsideration, but the District Court denied his request. This appeal followed.
Upon review, we conclude that the District Court properly denied relief. It is well established that the district courts have original jurisdiction over “offenses against the laws of the United States.” 18 U.S.C. § 3231. The indictment here charged Robinson with violations of two federal criminal statutes, 18 U.S.C. § 2113(a) and 18 U.S.C. § 1791(a)(2). There can be no question, then, that the District Court had jurisdiction over Robinson’s case. Therefore, the court properly denied Robinson’s motion, and his subsequent request for reconsideration.
For the foregoing reasons, we will grant the government’s motion and summarily affirm the District Court’s orders. See Third Cir. LAR 27.4 and I.O.P. 10.6.

. The District Court initially entered judgment against Robinson in February 2005, but amended the judgment in November 2006.