BLD-111                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4473
_____

UNITED STATES OF AMERICA

v.

DAVID ROBINSON,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-cr-00655)
District Judge:  Honorable Berle M. Schiller
_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012
Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

PER CURIAM

In 2004, David Robinson pleaded guilty to three counts of bank robbery and one

count of possession of heroin by a prisoner.  The District Court ultimately sentenced him

to 151 months in prison, followed by five years of supervised release, and ordered

1

restitution. We affirmed. See United States v. Robinson, 293 F. App'x 958 (3d Cir. 2008). Robinson now appeals from the District Court's order of December 6, 2011, which (1) denied reconsideration of its previous denial of a motion to vacate his sentence under 28 U.S.C. § 2255, and (2) denied his motion to waive restitution and his related motion for an extension of time to reply to the Government's response. As to the first aspect of the order, we will deny a certificate of appealability ("COA"). As to the second aspect of the order, we will affirm.

I.      The § 2255 Motion

Robinson filed an initial § 2255 motion in 2009, claiming, inter alia, that his counsel rendered ineffective assistance in connection with the District Court's consideration at sentencing of his prior crimes. The District Court denied that motion on the merits on March 26, 2010. Robinson did not seek a COA. Over one year later, he filed the § 2255 motion at issue here raising three similar ineffective assistance claims. The District Court dismissed the motion as second or successive on May 9, 2011. Robinson sought reconsideration, and the District Court denied it as part of its order of December 6, 2011. Robinson seeks a COA, which is required to review "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

We will deny the request. When a District Court denies a § 2255 motion for procedural reasons, a COA may not issue unless the movant shows that jurists of reason would debate both the District Court's procedural ruling and whether the motion states a valid claim of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Robinson has made neither showing.

First, the dismissal of Robinson's motion as second or successive is not reasonably debatable. Robinson argues that his first § 2255 motion should not count for that purpose because the District Court ruled on it while his motion for rehearing was still pending in his direct appeal. Adjudicating a § 2255 motion addressed to a conviction or sentence that is on direct appeal is disfavored as a matter of judicial economy, but "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002). Thus, the District Court was authorized to rule on Robinson's § 2255 motion when it did. Robinson has raised no other argument on this point. He does not argue, for example, that the posture of his previous § 2255 motion prevented him from pursuing any of his current claims at that time. To the contrary, his ineffective assistance claims are markedly similar to the one he raised before. Moreover, the form § 2255 motion required by the District Court apprised him of the restrictions imposed on second or successive § 2255 motions, and Robinson raises no claim of error in that regard. See United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999); (Dist. Ct. Docket Nos. 68 & 69).

Second, jurists of reason would not debate the validity of Robinson's claims. Robinson's COA application raises no argument on the merits. His § 2255 motion asserts his claims in conclusory fashion without specifying what counsel should have argued or investigated or how it would have helped his case. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (holding that vague and conclusory § 2255 claims are subject to summary dismissal). In short, Robinson has provided no reason to believe that his claims have any merit or to debate that point.

3

## II.    The Motion to Waive Restitution

In 2008, Robinson filed a motion to waive restitution asking the District Court to waive restitution or suspend his obligation to make restitution payments until he is released from prison on supervised release.  The District Court denied that motion without explanation, but we affirmed on the ground that Robinson had not stated "a basis for jurisdiction in the sentencing court."  United States v. Robinson, 331 F. App'x 907, 908 (3d Cir. 2009).  Robinson later filed the motion now at issue, which again asked the District Court to waive or suspend restitution.  The District Court again denied the motion without explanation.  We have jurisdiction under 28 U.S.C. § 1291.  Some explanation of the District Court's rationale would have facilitated our review, but we will nevertheless affirm again because Robinson's motion stated no basis for relief.

Robinson argues that the Bureau of Prisons has wrongfully required him to make restitution payments from funds that family members have given to him in addition to his prison wages.  This argument appears to constitute a challenge to the execution of his sentence.  Such challenges may be cognizable under 28 U.S.C. § 2241, but only in the district of confinement, which we understand is currently New Jersey.  See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010).  In any event, there is nothing improper about taking into account for restitution purposes the funds that Robinson receives from his family.  See 28 C.F.R. § 545.11(b) (providing that restitution payments "may be made from institution resources or non-institution (community) resources"); McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999) (holding that the regulation reaches "funds . . . from outside sources").

4

Robinson also argues that his family is suffering financial hardship and that he earns only $30 per month in prison wages. A "material change in the defendant's economic circumstances" may state a basis for a District Court to adjust a restitution payment schedule under 18 U.S.C. § 3664(k). Robinson, however, does not assert that his economic circumstances have changed in any material respect or that he cannot make his quarterly payments, and he does not seek any specific adjustment of his payment schedule on that basis. Instead, he once again requests merely that the District Court suspend his obligation to make payments until his release on supervised release. We previously affirmed the District Court's rejection of that same request, and Robinson has raised nothing suggesting that the result should be any different now. We will also affirm as to the denial of Robinson's motion for an extension to file a reply, which he had over four months to file before the District Court ruled and denied the request as moot.

## III.    Conclusion

For these reasons, we will deny a COA as to that aspect of the District Court's order denying Robinson's motion for reconsideration of the denial of his § 2255 motion, and we will affirm as to that aspect of the order denying his motion to waive restitution and related motion for an extension of time.