CLD-163                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4384
_____

UNITED STATES OF AMERICA

v.

DAVID ROBINSON,
                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-04-cr-00655-001)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Summary Action  Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for Possible Issuance
of  a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
January 30, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2014)
_____

OPINION
_____

PER CURIAM

David Robinson, proceeding pro se, appeals from the United States District Court

for the Eastern District of Pennsylvania's order denying his motions requesting

adjustment of his sentence and termination of a term of supervised release that has not yet

begun. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

In 2004, Robinson pleaded guilty to three counts of bank robbery and one count of possession of heroin by a prisoner. After we vacated Robinson's original sentence so that the District Court could adequately address Robinson's sentence challenges, see United States v. Robinson, 186 F. App'x 311 (3d Cir. 2006) (per curiam) (nonprecedential opinion), he was ultimately sentenced to 151 months' imprisonment, to be followed by five years of supervised release. We affirmed the judgment and conviction. See United States v. Robinson, 293 F. App'x 958 (3d Cir. 2008) (per curiam) (nonprecedential opinion). In 2009, Robinson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court denied that motion; Robinson did not seek a certificate of appealability. In 2010, Robinson filed another § 2255 motion that the District Court dismissed as an unauthorized second or successive motion. After the District Court denied a motion for reconsideration, Robinson sought a certificate of appealability, which we denied. See United States v. Robinson, 467 F. App'x 100 (3d Cir. 2012) (per curiam) (non precedential opinion).

Robinson recently filed two motions in the District Court, seeking to adjust his sentence and "terminate" his supervised release. The District Court, adopting the reasoning of the Government's opposition to Robinson's motions, denied those motions. Robinson appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

III.

Robinson's conviction became final when the period for petitioning for certiorari from the Supreme Court on direct appeal expired. See Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, if a § 2255 motion would be "inadequate or ineffective," a petitioner may seek federal habeas relief under 28 U.S.C. § 2241 via the "safety valve" clause of § 2255(e). [1] Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). The safety valve provided by § 2255(e) is a narrow one that applies only in rare situations, such as when a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be noncriminal by an intervening change in the law. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Robinson argued in his motion to adjust his sentence that in light of the United States Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013), his Sentencing Guidelines range was incorrectly determined based on an uncharged offense. In his motion to terminate his term of supervised release, Robinson argued that it was

---

[1] To the extent that Robinson is proceeding pursuant to § 2241, a certificate of appealability is not required. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

unlawful to sentence him to supervised release, and that only fines or imprisonment are recognized as lawful punishments in the appropriate charging statutes. Neither of these arguments demonstrates a limitation in § 2255's scope or procedure so as to allow application of the safety valve clause. Specifically, Robinson's argument that the District Court improperly relied upon an uncharged offense when determining his Sentencing Guideline range misconstrues the Supreme Court's holding in Alleyne. In Alleyne, the Supreme Court held that a fact that increases a mandatory minimum sentence must be submitted to the jury and be found beyond a reasonable doubt. 133 S. Ct. at 2162-63. That ruling "does not mean that any fact that influences judicial discretion must be found by a jury." Id. at 2163. Thus, the District Court retained the ability to make factual findings necessary to calculate Robinson's advisory Sentencing Guidelines range. See United States v. Claybrooks, 729 F.3d 699, 708 (7th Cir. 2013). Moreover, Robinson's argument that supervised release is not a punishment contemplated in the charging statutes is meritless.[2] See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ."). Accordingly, the District Court properly denied Robinson's motions attacking his sentence.

IV.

---

[2] Notably, Robinson's motion challenging his term of supervised release was not in the nature of a motion under 18 U.S.C. § 3583(e)(1) seeking to terminate or modify a term of supervised release. Rather, Robinson asserted a § 2255-style claim that the District Court lacked authority under the circumstances to actually impose a term of supervised release.

4

For the foregoing reasons, and because this appeal does not present a substantial question, we will affirm the judgment of the District Court.[3] <u>See</u> LAR 27.4; I.O.P. 10.6.

---

[3] To the extent, if any, that Robinson requires a certificate of appealability, we decline to issue one.  <u>See</u> 28 U.S.C. § 2253(c).