**ALD-287**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2053
_____

IN RE: DAVID ROBINSON,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-04-cr-00655-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 20, 2020
Before: McKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: September 17, 2020)
_____

OPINION[*]
_____

PER CURIAM

      David Robinson, a federal prisoner proceeding in forma pauperis, filed this pro se

petition for a writ of mandamus, asking us to direct the District Court to rule on his

pending motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow,

we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2004, Robinson pleaded guilty to three counts of bank robbery and one count of possession of heroin by a federal prisoner. The District Court ultimately sentenced him to a term of imprisonment of 151 months, followed by five years of supervised release. See United States v. Robinson, 293 F. App'x 958 (3d Cir. 2008). While Robinson was on supervised release, he was arrested for committing another bank robbery, pleaded guilty, and was sentenced to another term of imprisonment of 151 months. See United States v. Robinson, No. 19-3042, slip op. at 4 (3d Cir. Aug. 12, 2020).

Based on the second bank robbery, the District Court determined that Robinson had violated the terms of his supervised release for the first bank robbery conviction. For that violation, the District Court imposed a sentence of 24 months' imprisonment. That sentence was imposed in September 2019.

In January 2020, Robinson filed a motion challenging his sentence for the supervised release violation. The District Court initially interpreted the motion as a challenge, under 28 U.S.C. § 2241, to the calculation of Robinson's time served while awaiting trial for the second bank robbery. Robinson then filed a motion for reconsideration, explaining that he wished to file a 28 U.S.C. § 2255 motion to vacate his sentence for the supervised release violation. The District Court granted the motion for reconsideration and ordered Robinson to file his § 2255 motion on the proper forms. Robinson filed that motion on August 4, 2020. On August 7, 2020, the District Court ordered the Government to file a response to the motion.

In May 2020, Robinson filed the mandamus petition here. He seeks an order directing the District Court to rule on his pending § 2255 motion. He is not entitled to such relief at this time.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here.

The District Court has acted well within its discretion to manage its docket. The District Court has promptly responded to Robinson's filings, granted his motion for reconsideration, and ordered the Government to respond to the § 2255 motion. Thus, we cannot say that there has been any undue delay by the District Court, let alone a delay that is tantamount to a failure to exercise jurisdiction or that "rise[s] to the level of a denial of due process." Id. Accordingly, at this time, the extraordinary remedy of mandamus is not warranted, and we will deny Robinson's mandamus petition.

3