**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Robert GUNNING,**
**Defendant–Appellant.**

No. 02–30057.

United States Court of Appeals,
Ninth Circuit.

Submitted July 7, 2003.*

Filed Aug. 6, 2003.

Robert Westinghouse, Assistant United States Attorney, Seattle, WA, for the defendant-appellant.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

David B. Koch, Nielsen, Broman & Koch, Seattle, WA, for the plaintiff-appellee.

Before: REAVLEY,** TASHIMA and PAEZ, Circuit Judges.

## OPINION

PER CURIAM:

Stephen R. Gunning pleaded guilty to wire fraud. He appeals to contest the terms of his sentence. We remand for additional findings and modification, or for resentencing if necessary.

Gunning contends that he was entitled to the 2–level decrease for acceptance of responsibility pursuant to sentencing guideline 3E1.1.[1] The district court found that he did not exhibit a clear acceptance of responsibility because he was blaming others for what he did. That finding is not clearly erroneous.[2]

■ Gunning contends that he was only a minor participant in the scheme to defraud investors and that he was entitled to a 2–level reduction pursuant to guide-

line 3B1.2(b). The presentence report made no recommendation regarding a minor-role adjustment, and the court made no findings. We require the sentencing court to " 'make clear on the record its resolution of all disputed matters....' "[3] In the absence of a specific finding by the district court, or of a recommendation by the probation office which the district court adopted, we cannot discern whether the district court considered whether a minor-role adjustment was warranted.[4] Because it is for the district court to rule on sentencing issues in the first instance, we remand for the court to make findings.

■ Gunning argues that the district court erred by delegating to the probation office responsibility for making a schedule for restitution. The Mandatory Victims Restitution Act ("MVRA")[5] charges the district court with fixing the terms for making restitution: "[T]he court shall ... specify in the restitution order the manner in which, and the schedule according to which, restitution is to be paid...."[6] Other circuits have concluded that this responsibility is non-delegable.[7] We agree. The language of the MVRA is categorical. Under the MVRA, the district court is ultimately responsible for setting a schedule for making restitution.[8]

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

1.  U.S. Sentencing Guidelines Manual § 3E1.1(a) (2001).

2.  See United States v. Scrivener, 189 F.3d 944, 948–49 (9th Cir.1999) (concluding that defendant's attempts to minimize his own involvement by blaming his son were inconsistent with acceptance of responsibility).

3.  United States v. Ing, 70 F.3d 553, 557 (9th Cir.1995) (quoting United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990)).

4.  See id.; United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990) (per curiam).

5.  18 U.S.C. §§ 3663A–3664 (2000 & Supp. 2003).

6.  18 U.S.C. § 3664(f)(2).

7.  See United States v. Davis, 306 F.3d 398, 426 (6th Cir.2002); United States v. Prouty, 303 F.3d 1249, 1254–55 (11th Cir.2002); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir.2001); United States v. Coates, 178 F.3d 681, 685 (3d Cir.1999).

8.  The district court can of course enlist the assistance of the probation office in determin-

In this case, the district court ordered that Gunning "immediately" make restitution in the amount of $3,924,835.37 and, simultaneously, that "[a]ny unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer." Because we construe this order to assign to the probation office full control of subsequent payment, we remand for the district court to provide for the terms of restitution.

Gunning's contention that reassignment to a different district judge on remand is required is without merit.

The cause is remanded for further order of the district court and resentencing if necessary.

REMANDED.

ing an appropriate schedule for repayment. *See Davis,* 306 F.3d at 426; *see also* S.Rep. No. 104–179, at 20 (1996), U.S. Code Cong. & Admin. News 924, 933 (stating that the MVRA "requires the probation service to assemble, as part of the presentence investigation process, information sufficient for the court to enter a restitution order").