**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arlene ESTACION, aka Arlene**
**Nii, Defendant–Appellant.**

**No. 03–10271.**
**D.C. No. CR–02–00346–HG.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Craig H. Nakamura, Asst U.S. Atty., United States Attorney, Honolulu, HI, for Plaintiff–Appellee.

Georgia K. McMillen, Wailuku, HI, for Defendant–Appellant.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

Arlene Estacion appeals the restitution order imposed under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A–3664, following her guilty plea to three counts of mail fraud, in violation of 18 U.S.C. §§ 1341. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Relying upon *United States v. Gunning,* 339 F.3d 948, 950 (9th Cir.2003) (per curiam), Estacion contends that the district court plainly erred by delegating to the probation office the responsibility of determining the manner and schedule of her restitution payments. We reject this contention because we conclude that the district court's order did not assign full control of this determination to the probation office. *Cf. id.* (remanding because the district court assigned "full control" of the restitution payment schedule to a probation officer).

Estacion also contends that the district court plainly erred by failing to take account of her financial resources, projected earnings and financial obligations in setting the restitution schedule. This contention is without merit. The record shows that the district court properly considered these factors in specifying the schedule of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

payments. *See United States v. Booth,* 309 F.3d 566, 576 (9th Cir.2002).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.