**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

STEPHEN ROBERT GUNNING,
           *Defendant-Appellant.*

No. 04-30104

D.C. No.
CR-01-05204-JET

OPINION

Appeal from the United States District Court
for the Western District of Washington
Jack E. Tanner, Senior Judge, Presiding

Submitted March 9, 2005*
Seattle, Washington

Filed March 31, 2005

Before: Alfred T. Goodwin, Ferdinand F. Fernandez, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Fernandez

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

Kenneth W. Sharaga, Seattle, Washington, for the appellant.

Robert Henry Westinghouse, Assistant United States Attorney, Seattle, Washington, for the appellee.

## OPINION

FERNANDEZ, Circuit Judge:

Stephen R. Gunning appeals from a judgment entered against him pursuant to his plea of guilty to wire fraud. 18 U.S.C. § 1343. He claims that the schedule for payment of restitution while he was in prison was improperly delegated to the Bureau of Prisons (BOP), and that he was improperly denied allocution at sentencing. We agree, and remand for further proceedings.

## BACKGROUND

On March 21, 2001, Gunning was indicted for two counts of wire fraud in violation of 18 U.S.C. § 1343. He and a codefendant were alleged to have participated in an investment fraud scheme in which investors entrusted the defendants with money which the investors were fraudulently and falsely led to believe was being invested in high-yield investment programs.

Pursuant to a plea agreement, Gunning entered a guilty plea on the second count of wire fraud, and on February 8, 2002, he was sentenced to serve fifty-seven months imprisonment to be followed by three years of supervised release. He was also ordered to pay restitution in the amount of $3,924,835.37.

Gunning appealed, and we remanded for further consideration by the district court and for resentencing, if necessary. *United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003) (per curiam) (*Gunning I*). More specifically, in response to Gunning's argument that he was entitled to a minor role adjust-

ment, we remanded for additional findings and resentencing, if necessary, because we could not discern whether the issue had been considered by the district court. *Id.* at 949. We also concluded that the district court erred by delegating the responsibility for setting a schedule for restitution payments to the probation office. *Id.* at 949-50.

On remand, the district court, which, it appears, had not previously considered the issue, conducted an evidentiary hearing to determine whether Gunning was entitled to a two level minor role adjustment under United States Sentencing Guidelines § 3B1.2(b).[1] After hearing testimony and considering the evidence, the district court denied Gunning that adjustment, and reimposed the same sentence.

The court then ordered restitution payable immediately, but with the unpaid amount to be paid as follows: (1) during the time of his imprisonment, it was to be paid through the BOP Inmate Financial Responsibility Program (IFRP), and (2) during the period of supervised release it was to be paid in monthly installments of not less than ten percent of Gunning's gross income, commencing thirty days after his release from imprisonment. After the district court declared what it would do, but before the order was signed, Gunning, without any prompting from the court or his attorney, addressed the court and asked that his financial responsibilities to his family be taken into account and that he be allowed to postpone repayment until after he was released from prison. The court did not respond, the order issued, and this appeal ensued.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

---

[1] Any reference to the Guidelines is to those effective November 1, 2000.

"The legality of restitution orders is reviewed de novo." *United States v. Doe*, 374 F.3d 851, 854 (9th Cir. 2004). We review the district court's failure to afford the defendant the right to allocution at sentencing for harmless error. *See United States v. Mack*, 200 F.3d 653, 657 (9th Cir. 2000). If the defendant could have received a shorter sentence, the denial of the right of allocution is not harmless. *Id.*; *United States v. Sarno*, 73 F.3d 1470, 1503-04 (9th Cir. 1995).

## DISCUSSION

Gunning asserts that he was not accorded the right of allocution and that the schedule of restitution payments was improperly delegated to the BOP in part. Because the first issue touches the sentencing proceeding in general, we shall consider it first.

### A.   *Right of Allocution*

**[1]** At sentencing the district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). The court not only must do that, but also must afford the defendant an opportunity to "present all available accurate information bearing on mitigation of punishment." *Mack*, 200 F.3d at 658. The district court must then "listen and give careful and serious consideration to such information." *Id.* At Gunning's resentencing, the district court did not perform those duties. It did not address Gunning at all, and when he interjected some comments after the district court had already said what it was going to do, the district court did not even acknowledge those comments.

The government does not dispute those facts, but it argues that there was no right to allocution here because the mandate on remand was very limited and did not envision allocution. We disagree.

**[2]** While it is true that Gunning's prior sentence was not vacated,[2] we did contemplate a further sentencing proceeding where, at least, the minor participant issue could be taken up.[3] And we did not declare that the district court could not consider any other information at that time. In fact, we asked the court to make findings on the record if it had already considered the minor role adjustment, and to resentence if necessary. As it turned out, the district court held a new proceeding so that it could decide the minor role issue. When the court decided against the adjustment, counsel argued for a different sentence, and the court declared that it would "reimpose all those matters that you referred to other than the matter that's now before the court. It will be the same sentence."

**[3]** We recognize that we are not precluded "from limiting the scope of the *issues* for which we remand, and thus limiting the district court's consideration to evidence and arguments relevant to those issues." *United States v. Matthews*, 278 F.3d 880, 889 (9th Cir. 2002) (en banc). Nevertheless, our general rule is to "remand for resentencing without limitation on the district court." *Id.* In that event, the district court is "free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *Id.* at 885-86. And, in *Gunning I*, we did not include specific language that would preclude the district court from "resentencing on an open record—that is, without limitation on the evidence that the district court may consider." *Id.* at 885.

Even when we have found but a single error, we have usually vacated the sentence and remanded. In those instances, we have held that the issues before the district court were not limited to our mandate. *See, e.g.*, *United States v. Washington*, 172 F.3d 1116, 1118-19 (9th Cir. 1999); *United States v. Caterino*, 29 F.3d 1390, 1394-95 (9th Cir. 1994), *overruled*

---

[2] *Gunning I*, 339 F.3d at 950.

[3] *Id.* at 949.

*on other grounds by Witte v. United States*, 515 U.S. 389, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995). On the other hand, in *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam), we declared that the district court was limited to consideration of a single issue, even though we had vacated the prior sentence, at least in part. There may be some tension between those cases, which may seem to cast some doubt on the district court's ability to range freely in this case after *Gunning I*. Nonetheless, we need not resolve any tension; nor need we place *Gunning I* in one camp or the other, assuming that there are separate camps after *Matthews*. That would not change our analysis.

**[4]** In *Gunning I*, the remand was mixed at the very least. It is apparent that we did not intend to reopen the case for resentencing if the district court had actually decided the minor role issue already, but expected a resentencing proceeding to take place if it had not. As it turned out, the district court had not decided the issue and commenced an evidentiary hearing so that it could do so. In other words, it did choose to reopen the sentencing proceeding and to resentence. It made that clear when it "reimposed" its prior holdings and issued the "same sentence." Thus, the government's citation to *Ogden v. United States*, 323 F.2d 818, 821-22 (9th Cir. 1963), is inapposite. In that case, we did not remand on a sentencing issue,[4] but, rather, remanded so that the district court could decide if there had been a production of evidence problem at trial.[5] The case certainly does not stand for the proposition that a defendant has no right to allocution upon a limited remand, especially when the remand does turn into a resentencing. We see no reason for holding that Gunning did not have that right.

We have some sympathy for the government's argument that the failure to accord Gunning his allocution right was

[4]*Id.*

[5]*Id.* at 819.

harmless in this case. However, our precedents are quite clear: when a district court *could have* lowered a defendant's sentence, we have presumed prejudice and remanded, even if we doubted that the district court *would have* done so. *See Sarno*, 73 F.3d at 1503-04; *United States v. Carper*, 24 F.3d 1157, 1162 (9th Cir. 1994); *United States v. Medrano*, 5 F.3d 1214, 1219 (9th Cir. 1993); *cf. Mack*, 200 F.3d at 657-58 (where the district court excluded only irrelevant information, there was no violation); *United States v. Mejia*, 953 F.2d 461, 468 (9th Cir. 1991) (where the district court used all the discretion it had, failure to accord allocution was harmless).[6]

[5] We are not able to say that the district court could not have lowered Gunning's sentence had he been given an opportunity to speak and had the district court accorded his words that "careful and serious consideration" that they were entitled to. *Mack*, 200 F.3d at 658. Thus, we must remand.

B. *Restitution Schedule*

[6] The Mandatory Victims Restitution Act of 1996 (MVRA)[7] provides, among other things, that: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the

---

[6]It should be noted that in the case at hand, as in the cited cases, no objection to the lack of allocution was made at the district court level. Usually, the district court had simply overlooked the allocution question entirely. That would seem to call for plain error review. *See United States v. Olano*, 507 U.S. 725, 732-37, 113 S. Ct. 1770, 1776-79, 123 L. Ed. 2d 508 (1993). But we have never applied that analysis. Perhaps, as the Third Circuit has determined, that is because the error is so plainly plain that it falls within the category of errors " 'that should be presumed prejudicial if the defendant cannot make a specific showing of prejudice.' " *United States v. Adams*, 252 F.3d 276, 287 (3d Cir. 2001) (quoting *Olano*, 507 U.S. at 735, 113 S. Ct. at 1778). In any event, our rule is that stated in the text.

[7]The MVRA is codified in relevant part at 18 U.S.C. §§ 3663A-3664.

defendant." 18 U.S.C. § 3664(f)(1)(A). It goes on to say: "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ." *Id.* § 3664 (f)(2). When this case was previously before us, we had occasion to expatiate on the meaning of that language because the district court had delegated the scheduling of restitution payments to the probation office. *Gunning I*, 339 F.3d at 949. We said:

> Gunning argues that the district court erred by delegating to the probation office responsibility for making a schedule for restitution. The Mandatory Victims Restitution Act . . . charges the district court with fixing the terms for making restitution . . . . Other circuits have concluded that this responsibility is non-delegable. We agree. The language of the MVRA is categorical. Under the MVRA, the district court is ultimately responsible for setting a schedule for making restitution.

*Id.* (footnotes omitted). We then concluded that, "[b]ecause we construe [the district court's] order to assign to the probation office full control of subsequent payment, we remand for the district court to provide for the terms of restitution." *Id.* at 950.

Upon remand, the district court was faithful to the letter of our decision; it did set a restitution schedule for the supervised release portion of the sentence and did not delegate that schedule to the probation office. But, of course, because restitution was due immediately, there was a period between sentencing and supervised release — the period of Gunning's incarceration. That had to be provided for. At that point, the district court overlooked the spirit of our decision and delegated the non-delegable to the BOP for the incarceration period.

**[7]** We do not doubt that the BOP, like the probation office, has expertise in the payment area. That has wisely induced it to create the IFRP procedure whereby the BOP will "help [the] inmate develop a financial plan" and will then "monitor the inmate's progress" in meeting the terms of that plan. 28 C.F.R. § 545.11; *see also* 28 C.F.R. § 545.10. Not surprisingly, restitution is one of the obligations with which the BOP concerns itself, and it is, indeed, a top priority. *See* 28 C.F.R. § 545.11(a)(2). But there is no set schedule, and the district court simply does not have the authority to delegate its own scheduling duties — not to the probation office, not to the BOP, not to anyone else.[8]

**[8]** Nor, despite the government's intricate arguments, are we persuaded that *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998) (per curiam), demands a contrary answer. There we determined that under 18 U.S.C. § 3572(d) a district court could delegate scheduling of the payment of fines to the BOP. *Id.* at 550. It is true that we alluded to restitution, *id.* at 549-50, which was not an issue in that case, and, no doubt, we did so because § 3572(d) itself speaks to restitution as well as to fines. But the fact remains that all we held was that scheduling of fine payments could be delegated. Then, in *Gunning I*[9] we held, in reliance on § 3664(f)(2), which does not speak to fines at all, that restitution payments cannot be delegated. Gunning's appeal still is a restitution case; we must follow *Gunning I* and reiterate that scheduling of restitution payments is non-delegable. Again, the district court must determine the restitution payment schedule.

---

[8]Of course, this is not to say that the district court cannot seek help from the BOP or anyone else in selecting an appropriate schedule. *See Gunning I*, 339 F.3d at 949-50 n.8.

[9]339 F.3d at 949.

## CONCLUSION

When this case was before us in 2003, we remanded it so that the district court could correct the errors that took place in the sentencing proceeding. It attempted to do so, and now, some eighteen months later, we must review the district court's second try. While we are not convinced that it will make much practical difference — Gunning's fifty-seven month prison sentence will soon be served — we are forced to hold that the district court's major error was recrudescent. It, again, delegated part of its non-delegable duty to set the manner and schedule of restitution payments — this time it did so to the BOP rather than to the probation office. In addition, the district court overlooked according Gunning his right of allocution at resentencing.

[9] Thus, we again remand to the district court. Unless the issue becomes moot, the district court shall schedule Gunning's restitution payments for the period while he is in prison. It shall also accord him his right of allocution at sentencing. To avoid any further confusion, we hereby vacate the sentence.

VACATED and REMANDED.