UNITED STATES of America,
Plaintiff—Appellee,

v.

Troy HOLLAND, Defendant—
Appellant.

No. 04–10199.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted June 14, 2005.

Decided Aug. 1, 2005.

Jay R. Weill, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Andrew E. Rubin, Esq., Los Angeles, CA, for Defendant–Appellant.

whether the Ninth Circuit should recognize a federal mediation privilege and, if so, whether it applies here.

Before: SCHROEDER, Chief Judge, CANBY, Circuit Judge, and DUFFY,* Senior Judge.

## MEMORANDUM **

Troy Holland appeals his jury conviction of twenty-seven counts of willfully aiding or assisting the filing of false federal income tax returns. 26 U.S.C. § 7206(2). Holland contends that: (1) the prosecution engaged in misconduct by vouching for its witnesses during closing argument and by forcing Holland to testify on the veracity of the prosecution's witnesses, (2) Holland's trial counsel provided ineffective assistance of counsel by failing to object to the foregoing misconduct, (3) Holland's sentence violated *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and (4) the district judge improperly awarded restitution or, at least, miscalculated the amount. We affirm Holland's convictions, but we remand for further proceedings with regard to his sentence and restitution order.

## I.  PROSECUTORIAL MISCONDUCT

■ The government does not dispute that error occurred, but it maintains that the error neither prejudiced Holland nor "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Geston,* 299 F.3d 1130, 1135 (9th Cir.2002) (internal quotation omitted). We agree. The evidence, including substantial documentary evidence, weighed heavily against Holland, and he has not shown that the error affected the result. Furthermore, the error, in the context of this case, did not "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings" and therefore, even if we were to find prejudice, we would decline to exercise our discretion to upset the convictions.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

We express no view on the merits of this claim because the record is insufficient for us to address the issue on direct review. *See United States v. Gurolla,* 333 F.3d 944, 958 (9th Cir.2003) (stating general rule that ineffective assistance of counsel claims should not be brought on direct appeal). Holland's claim does not fall within any exceptions to the rule. We therefore dismiss his claim without prejudice. *See id.*

## III.  *BOOKER* ERROR

■ The district judge enhanced Holland's sentences considerably on the basis of the government's contention that Holland's scheme caused between $550,000 and $950,000 in loss on the tax loss tables.[1] *See* U.S.S.G. § 2T4.1. Holland disputed this amount. Holland also disputed the district court's application of two enhancements: (1) obstruction of justice (for instructing several witnesses to lie and allegedly committing perjury on the stand), U.S.S.G. § 3C1.1; and (2) for being in the business of preparing false tax returns, U.S.S.G. § 2T1.4(b)(1).

Holland's sentences are subject to the limited remand procedure outlined in our recent *Ameline* decision because "it cannot be determined from the record whether the judge would have imposed a materially

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Holland did not raise a Sixth Amendment challenge to his sentence below, we review for plain error. *See United States v. Ameline,* 409 F.3d 1073, 1076 (9th Cir. 2005) (en banc).

different sentence had [she] known that the Guidelines are advisory rather than mandatory." *United States v. Ameline,* 409 F.3d at 1083; *see also id.* at 1078 ("We surmise that the record in very few cases will provide a reliable answer to the question of whether the judge would have imposed a different sentence had the Guidelines been viewed as advisory."). We therefore remand this matter to the district court to make this determination and, if the sentence would have been materially different, to resentence accordingly. *See id.* at 1080.

## IV. ERRONEOUS RESTITUTION OR-DER

■ For three reasons, we vacate and remand Holland's restitution order. First, the government concedes that the award should be reduced by $45,096 (the amount of IRS penalties included in the restitution order). Second, it appears that the IRS recouped a substantial portion of its losses by the time of the order. On remand, the district judge shall consider any amounts recovered by the IRS and decrease the ordered restitution to the extent necessary to avoid double recovery. *See* 18 U.S.C. § 3664(j)(2). Third, the district court appears to have delegated to the probation office most of the responsibility for establishing a schedule of restitution payments. We have held this function to be nondelegable. *United States v. Gunning,* 401 F.3d 1145, 1150 (9th Cir.2005); *see also* 18 U.S.C. § 3664(f)(2). On remand, the district court shall establish a new payment schedule, taking into account Holland's financial resources.

**CONVICTION AFFIRMED; RE-MANDED for further proceedings with regard to sentence.**