**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael A. RILEY, Defendant—**
**Appellant.**

No. 03–30526.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Todd Greenburg, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

David B. Koch, Esq., Nielsen, Broman & Koch, PLLC, Seattle, WA, for Defendant–Appellant.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Michael A. Riley appeals the restitution order imposed following a guilty-plea conviction for conspiracy to produce fictitious obligations, possession of fictitious obligations, and identification fraud, in violation of 18 U.S.C. §§ 371, 514(a)(2), and 1028(a)(5) and (b)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review issues raised for the first time on

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

appeal for plain error, *see United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and we affirm.

Appellant contends that the district court plainly erred when it failed to consider appellant's ability to pay restitution, and instead relied on the Inmate Financial Responsibility Program when setting his payment schedule.

We disagree. A review of the record demonstrates that the district judge properly recognized its non-delegable duty to create the payment plan, and created appellant's schedule. *See United States v. Gunning,* 339 F.3d 948, 949 (9th Cir.2003) (per curiam) (noting that the responsibility for setting a restitution payment schedule is non-delegable). Further, the district court had access to appellant's financial information so that it was able to consider the factors set forth in 18 U.S.C. § 3664. *See United States v. Mills,* 991 F.2d 609, 611 (9th Cir.1993) (requiring "that the record reflect that the district judge had at his disposal information bearing on the considerations enumerated in section 3664 ... [and] some indication that the judge gave thought to the relevant information") (internal citations omitted).

Appellant submitted a motion to allow supplemental briefing on the impact of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, because we are able to reliably determine from the record that appellant's sentence would not have been materially different had the district court known that the sentencing guidelines were merely advisory, we deny this motion. *See United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc) ("... where it is not possible to reliably determine from the

record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we will remand to the sentencing court to answer that question").

AFFIRMED.