**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Christian Eduardo GAYBOR,
Defendant—Appellant.**

**No. 05–10245.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Decided March 23, 2006.

Frederick A. Battista, Ausa, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

James S. Park, Esq., Park Law Office, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Christian Gaybor appeals his sentence for Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We vacate the restitution order imposed by the district court and remand for imposition of a new restitution order, but otherwise affirm Gaybor's sentence.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Although it is unsettled whether we review the district court's application of U.S.S.G. § 2B3.1(b)(3)(A) de novo or for clear error, *see United States v. Greene*, 964 F.2d 911, 912 (9th Cir.1992) (per curiam), Gaybor's claim fails under either standard. The record supports the district court's enhancement to Gaybor's base offense level for bodily injury to the victim.

We review for clear error the district court's factual findings underlying its application of U.S.S.G. § 2B3.1(b)(4)(A). *United States v. Oliver*, 60 F.3d 547, 554 (9th Cir.1995). The district court's enhancement for abduction of the victim is supported by the record and is not clearly erroneous.

We will affirm Gaybor's sentence if it is reasonable and not an abuse of discretion. *See United States v. Menyweather*, 431 F.3d 692, 701–02 (9th Cir.2005). We reject Gaybor's argument that the disparity between his sentence and the sentences of his codefendants is too great, in violation of 18 U.S.C. § 3553(a)(6). Three codefendants pled guilty to only one charge, whereas Gaybor was found guilty of two separate charges. Under the plain language of § 3553(a)(6), sentencing disparities are unreasonable only for defendants "who have been found guilty of similar conduct." Further, the difference between Gaybor's sentence and the sentence of a fourth codefendant is reasonable because that codefendant cooperated with the Government and testified at Gaybor's trial. *See United States v. Shabani*, 48 F.3d 401, 404 (9th Cir.1995).

We also reject Gaybor's claim that his sentence is greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The district judge took the § 3553 factors into account during sentencing. Although a sentence of 125 months is substantial, we cannot say that it is unreasonable punishment for the crime committed. *See Menyweather*, 431 F.3d at 701–02. The district court did not abuse its discretion in sentencing Gaybor. *See id.* at 702.

We review de novo the legality of a restitution order. *United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir.2005). District courts must set specific restitution payment schedules for the time defendants are incarcerated, and may not delegate that duty to the Bureau of Prisons. *See id.* at 1149–50. The Government concedes that the district court erred and a remand is appropriate.

We **VACATE** the restitution order and **REMAND** for imposition of a specific restitution payment schedule for the period Gaybor is incarcerated, but otherwise **AFFIRM** Gaybor's sentence.