**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE ANTHONY WEST, | No. 08-35648 |
| Petitioner - Appellee, | D.C. No. 3:07-cv-01440-MFM |
| v. | |
| J. E. THOMAS, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

The Warden appeals from the district court's judgment granting George

Anthony West's 28 U.S.C. § 2241 petition for writ of habeas corpus.  We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We affirm in part and reverse in

part.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Warden contends the district court erred by concluding that the Bureau of Prisons ("BOP") lacked authority to create a payment plan for West during the period of his incarceration because the sentencing court did not set a schedule of restitution payments in the written judgment. The Warden's contention is unpersuasive because the sentencing court improperly delegated its scheduling duties to the BOP by not setting a repayment schedule. *See United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005). Thus, we affirm the district court as to this issue.

The Warden further contends the district court erred by concluding that West's participation in the Inmate Financial Responsibility Program ("IFRP") was involuntary because he participated in it only to avoid a loss of benefits. This contention is well-taken because we recently rejected a petitioner's contention that his participation in the IFRP was involuntary. *See United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). Because the district court did not have the benefit of *Lemoine* at the time of its decision, we reverse and remand for further proceedings in light of this disposition. *See id*. at 1050-51.

**AFFIRMED in part; REVERSED and REMANDED in part.**