**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50440 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01352-RGK-1 |
| v. | |
| TIMOTHY MARTIN GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 6, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and NGUYEN, Circuit Judges.

Timothy Martin Gonzalez pleaded guilty to two counts of possessing and

uttering counterfeit or forged securities, in violation of 18 U.S.C. § 513(a). We

affirm in part, reverse in part, vacate in part, and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Gonzalez argues that the district court erred in failing to grant his motion for a downward departure in his criminal history category pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4A1.3. We review the denial of a motion for a downward departure "to the extent that the denial implicates the overall reasonableness of [the] sentence." *United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008); *see also United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). We affirm the 18-month sentence imposed, which was at the lower end of the guidelines range of 18-24 months, because "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted). Moreover, although the district court misstated one fact regarding his prior criminal history, that error was harmless as it did not affect the ultimate conclusion that Gonzalez had a serious criminal history and that his criminal behavior had continued to escalate, both in the seriousness of the offenses and the punishments imposed. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009) ("Remand is not necessary if the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.") (internal quotation marks and citations omitted).

At the urging of both parties, we reverse imposition of sweat-patch testing as part of the conditions of supervised release, which the district court declined to impose during the oral pronouncement of the sentence but included in the written judgment, and remand to the district court to strike that portion of the judgment. "Where a discrepancy arises between the terms of an oral pronouncement of a sentence and the subsequent written judgment, the terms of the oral pronouncement control." *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009).

We also reverse the delegation to the probation officer in the restitution order to lower the amount of the restitution payments that Gonzalez must make while on supervised release. Both parties agree that under the Mandatory Victims Restitution Act ("MVRA"), "the district court simply does not have the authority to delegate its own scheduling duties—not to the probation office, not to the BOP, not to anyone else." *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005). Moreover, the MVRA "specifically provides that 'the court' makes the decision on changes in terms because of changes in the defendant's financial circumstances." *United States v. Betts*, 511 F.3d 872, 877 (9th Cir. 2007). Thus, delegating to the probation officer the authority to lower the amount of the restitution payments was improper. In light of this improper delegation, it is unclear whether the district court set the restitution payment schedule requiring

3

Gonzalez to pay $250 per month in consideration of his financial circumstances, on the basis required by the MVRA. *See* 18 U.S.C. § 3664(f)(2); *Ward v. Chavez*, 678 F.3d 1042, 1050 (9th Cir. 2012). Contrary to what the government contends, the record does not unambiguously support the conclusion that Gonzalez, an indigent defendant with no significant work history who is supported by his mother, will be able to make the $250 per month payments. In fact, the record suggests that the district court recognized that the $250 monthly payments may have been too high in that it delegated, albeit improperly, the authority to the probation officer to *lower* that amount. We thus vacate the portion of the restitution order regarding the $250 monthly payments and remand to the district court to set a schedule for Gonzalez to pay restitution in consideration of his financial circumstances.

**AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART; AND REMANDED.**