**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50290 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04731-LAB-1 |
| v. | |
| MARIELENA MENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 6, 2012[**]
Pasadena, California

Before: BERZON, IKUTA, and NGUYEN, Circuit Judges.

Marielena Mendez ("Mendez") appeals her sentence, claiming that the

district court denied her right of allocution and imposed an unreasonable sentence.

We vacate the sentence and remand.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The record supports Mendez's claim that the district court denied her an opportunity to fully allocute. *See United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir. 2005) (discussing the district court's obligation to afford a defendant the right to adequate allocution); *United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) (finding that the district court denied defendant's right to allocution even if defendant "was nominally given an opportunity to speak"). The following exchange occurred during Mendez's sentencing hearing:

| | |
|---|---|
| THE COURT: | Ms. Mendez, what do you have to say on your own behalf? |
| DEFENDANT: | I apologize for my actions. I should have - - |
| AUSA: | Your honor . . . . |

The Assistant United States Attorney ("AUSA") then presented his arguments regarding sentencing. Mendez was not given a further opportunity to speak.

The government moves to supplement the record with the declarations of the court reporter and the AUSA. Both declarations, executed months after the hearing, state that the AUSA began to speak only after Mendez appeared to have finished her statement by trailing off and becoming quiet. Mendez counters with her own declaration, reiterating that she intended to do more than just apologize, and had in fact memorized a statement prior to the hearing, but she was cut off by the AUSA.

2

We cannot resolve the factual dispute presented by the declarants' dueling recollections. *See* Fed. R. App. P. 10(e)(1) ("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."). Even if we were to consider the declarations and assume that Mendez was not interrupted, it does not necessarily follow that she had an adequate chance to complete her statement. Accordingly, we find that the district court erred in failing to give Mendez a full opportunity to allocute.

Next, we consider whether the denial of Mendez's allocution right is harmless. *Gunning*, 401 F.3d at 1147. "[W]hen a district court could have lowered a defendant's sentence, we have presumed prejudice and remanded, even if we doubted that the district court would have done so." *Id.* at 1149. Here, the error is not harmless, because the district court could have lowered Mendez's sentence and we cannot say that a personal statement from Mendez would not have made a difference.

In light of the remand for resentencing, we need not reach Mendez's claim that her sentence was substantively unreasonable.

**VACATED AND REMANDED.**