MEMORANDUM *
Appellant Patrick Jones appeals the district court’s imposition of a 15-year man *770 datory-minimum sentence for violation of 18 U.S.C. § 2251(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
In United States v. Avila-Anguiano, 609 F.3d 1046 (9th Cir.2010), we stated:
When a defendant is sentenced to multiple counts and one of them is later vacated on appeal, the sentencing package becomes ‘unbundled.’ The district court then has the authority to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted.
Id. at 1049 (alteration in original) (internal quotation marks omitted). Thus, the district court erred in concluding that it lacked jurisdiction to reconsider Jones’s sentence on remand after we reversed Jones’s trafficking conviction in his prior appeal, United States v. Jones, 459 Fed.Appx. 616, 617 (9th Cir.2011), cert. denied, — U.S. -, 132 S.Ct. 1937, 182 L.Ed.2d 795 (2012).
However, we conclude that the error was harmless. The district court could not have sentenced Jones to less than the 15-year mandatory minimum without a motion from the government. United States v. Valente, 961 F.2d 133, 134-35 (9th Cir. 1992). Because the district court could not have lowered Jones’s sentence, Jones incurred no prejudice when the district court declined to re-sentence him. See United States v. Gunning, 401 F.3d 1145, 1149 (9th Cir.2005) (concluding that failure to re-sentence is prejudicial “when a district court could have lowered a defendant’s sentence ... even if we doubted that the district court would have done so”).
Further, the law of the case forecloses Jones’s Fifth Amendment claims. See United States v. Cote, 51 F.3d 178, 181 (9th Cir.1995). In his prior appeal, Jones challenged his conviction by contending that the government must “prove scienter as to the minor’s age in order to justify criminal penalties of the magnitude set forth in section 2251.” In the alternative, Jones argued that even if we upheld his conviction, we should still vacate his sentence. To support these claims, Jones relied on the same arguments and authorities that he now brings before us. However, we previously rejected Jones’s claim that the scienter demanded by the statute was inadequate to support a conviction for a crime with a 15-year mandatory minimum sentence. Jones, 459 Fed.Appx. at 617. In doing so, we decided Jones’s restatement of that argument — that his 15-year sentence offends the Fifth Amendment— “by necessary implication in the previous disposition.” See Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir.2012). In other words, we disagree with Jones (and the dissent) that simply repackaging arguments already raised in a prior appeal should allow Jones a second chance to appeal the same substantive issues.
Jones’s Eighth Amendment claim is not timely, because he did not raise it in his first appeal. Therefore, we decline to address it. See United States v. Nagra, 147 F.3d 875, 882 (9th Cir.1998) (“When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.