**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10533 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00189-LHK |
| v. | |
| SUNITHA GUNTIPALLY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N. R. SMITH, Circuit Judges.

Sunitha Guntipally appeals from the district court's judgment and challenges the 52-month sentence imposed following her guilty-plea conviction for conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Guntipally contends that the district court plainly erred by failing to invite her to allocute at her sentencing hearing. The Government argues that this appeal is barred by a valid appeal waiver. Because it is not clear that the waiver encompasses this issue, we address the merits of Guntipally's claim. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." "We review the district court's failure to afford the defendant the right to allocution at sentencing for harmless error." *United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir. 2005). Here, Guntipally was not personally invited to allocute and, because she "could have received a shorter sentence, the denial of the right of allocution is not harmless." *Id.* Accordingly, we vacate her sentence and remand for resentencing. In light of this decision, we need not reach Guntipally's remaining contentions.

**VACATED and REMANDED.**