**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50094 |
| Plaintiff-Appellee, | D.C. No. 5:15-cr-00067-VAP-1 |
| v. | |
| DANIEL CHAVEZ, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted July 11, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,** District Judge.

Before a district court may sentence a person convicted of a controlled substance offense to an increased punishment under 21 U.S.C. § 841(b)(1)(A) based on a prior conviction for a "serious drug felony," the judge must strictly

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

comply with 21 U.S.C. § 851(b)'s procedural safeguards.[1] In this case, a jury convicted Defendant Daniel Chavez, Jr. ("Chavez") following trial of distribution of methamphetamine, possession with intent to distribute methamphetamine, being a felon in possession of firearms and ammunition, possession of a firearm with an obliterated or altered serial number, and possession of an unregistered firearm. The jury acquitted Chavez of the charge of possessing a firearm in furtherance of a drug trafficking crime. At sentencing, the district court concluded that Chavez's mandatory minimum sentence must be increased from 10 years to 20 years based on his 2007 felony conviction in California state court.[2] The district court then imposed the higher mandatory minimum sentence of 20 years imprisonment.

---

[1] These safeguards require the court after conviction but before pronouncement of sentence to inquire of the person being sentenced "whether he affirms or denies that he has been previously convicted as alleged in the information [filed pursuant to § 851(a)], and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b).

[2] In November 2006, state authorities charged Chavez in a two-count felony complaint. The first count alleged that Chavez possessed methamphetamine for sale, a felony violation of California Health and Safety Code ("Cal. H&S") § 11378. The second count alleged that Chavez possessed marijuana, a misdemeanor violation of Cal. H&S § 11357. In January 2007, Chavez pleaded guilty to the § 11378 felony charge. In March 2010, Chavez filed a petition in the California Superior Court to set aside his plea of guilty and to dismiss the underlying criminal complaint. The petition explained that Chavez had fulfilled the conditions of his probation, was not serving a sentence for any other offense, and had not been charged with any other offense. The California Superior Court granted Chavez's petition and ordered vacatur of his guilty plea, the entry of a plea of not guilty, and dismissal of the complaint.

Chavez appeals only his sentence. The parties agree that the district judge did not comply with § 851(b). We have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. We vacate the sentence and remand to the district court for resentencing.

Chavez raises four issues on appeal. First, he argues that the district court did not provide him with the procedural safeguards required by 21 U.S.C. § 851(b) before concluding that Chavez had a prior conviction for a "felony drug offense" (now referred to as a "serious drug felony") that required the doubling of Chavez's mandatory minimum sentence from 10 years to 20 years under § 841(b)(1)(A). Second, Chavez contends that, for two independent and alternative reasons, his alleged prior conviction under Cal. H&S § 11378 was not a qualifying "felony drug offense" within the meaning of 21 U.S.C. §§ 841(b)(1)(A) and 802(44). Third, Chavez asserts that that the definition of "felony drug offense" in § 802(44) is void for vagueness. And fourth, Chavez maintains that the district court erred in calculating the applicable U.S. Sentencing Guidelines range by failing to grant Chavez a two-level reduction for acceptance of responsibility after he (1) essentially conceded seven of the eight counts with which he was charged and (2) was found not guilty by the jury on the only count that he did not concede, the charge of possessing a firearm in furtherance of a drug trafficking crime. Based on our analysis, we need not address Chavez's third and fourth arguments nor a

3

portion of his second.

The parties agree that before the district court Chavez did not object that he was not provided with his procedural rights under § 851(b). The parties, however, disagree about the standard of review that we must apply. Chavez asserts that the district court's failure to comply with § 851(b) was not harmless and thus remand is required. The government argues that the plain error standard applies.[3] Chavez responds that even if plain error review were to apply, he still would still succeed under that standard. We assume without deciding that the more stringent standard of plain error review applies in this case.[4]

---

[3] *See United States v. Reed*, 575 F.3d 900, 928 (9th Cir. 2009) ("We review for plain error a challenge to the district court's colloquy under § 851(b), not raised in the district court."); *but see United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017) ("The general rule is clear that failure to comply with section 851(b) renders the sentence illegal. But non-prejudicial errors in complying with the procedural requirements of § 851 do not automatically require reversal; they sometimes may be harmless.") (citations and quotation marks omitted).

[4] We also note that in *United States v. Olano*, 507 U.S. 725, 735 (1993), the Supreme Court observed that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome." Errors within this category "should be presumed prejudicial if the defendant cannot make a specific showing of prejudice." *See id.*; *see also, e.g.*, *United States v. Syme*, 276 F.3d 131, 154 (3d Cir. 2002); *United States v. Harbin*, 250 F.3d 532, 544 (7th Cir. 2001). By analogy, in cases where the district court denies the defendant his right of allocution at sentencing, we have held that "when a district court could have lowered a defendant's sentence, we have *presumed* prejudice and remanded, even if we doubted that the district court would have done so." *United States v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005) (emphasis added). We have acknowledged that in such cases, plain error review would seem to apply because "no objection to the lack of allocution was made at the district court level." *Id*.

Under plain error review, "a court of appeals has discretion to remedy a forfeited error provided certain conditions are met." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). These conditions are stated in four prongs. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "First, there must be an error or defect—some sort of '[d]eviation from a legal rule'—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant." *Id*. (quoting *Olano*, 507 U.S. at 732-33) (alteration in original). "Second, the legal error must be clear or obvious, rather than subject to reasonable dispute." *Id*. "Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings.'" *Id*. (quoting *Olano*, 507 U.S. at 734). "Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 736) (alteration in original).

To show that an error affects substantial rights, *i.e.*, the third prong of plain

---

at 1149 n.6. But we have never applied that standard of review, at least expressly. *See id*. "Perhaps, as the Third Circuit has determined, that is because the error is so plainly plain that it falls within the category of errors 'that should be presumed prejudicial if the defendant cannot make a specific showing of prejudice.'" *Id*. (quoting *United States v. Adams*, 252 F.3d 276, 287 (3d Cir. 2001)). Such a presumption of prejudice, however, would appear to be rebuttable and not apply when it was beyond reasonable dispute that no prejudice was possible.

error review, the defendant need only show that "the probability of a different result is '*sufficient to undermine confidence in the outcome*' of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (emphasis added) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Moreover, this "reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *Id.* at 83 n.9.

Regarding Chavez's first argument, the district court did not conduct the colloquy with Chavez that is required under § 851(b). That is error, as the government concedes. The government also does not dispute that this error was clear and obvious.[5] This satisfies the first two prongs of plain error review. The third prong of the plain error test directs the reviewing court to review the entire

---

[5] The government, however, argues that Chavez is statutorily barred from collaterally challenging his predicate conviction because that conviction is more than five years old. *See* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."). We disagree. In the Ninth Circuit, the term "[c]hallenge" in § 851(c)(2) refers to a *collateral* attack in federal court. *See United States v. McChristian*, 47 F.3d 1499, 1503 (9th Cir. 1995). Because "challenge" to a prior conviction, as used in § 851(c)(2), means only a full-blown, collateral attack in federal court against the prior conviction, "challenge" means the same thing in § 851(e). *See id.* Thus, although Chavez may not collaterally attack his prior conviction due to § 851(e)'s statute of limitations, he may nonetheless argue in this direct appeal that his prior conviction does not constitute a conviction of a "felony drug offense."

record to determine whether "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Dominguez Benitez*, 542 U.S. at 83 (citation and quotation marks omitted).

Chavez offers two independent grounds for how the district court's failure to comply with § 851(b) undermines confidence in the outcome of the sentencing. First, Chavez states that the documents before the court at the time of sentencing are insufficient to meet the government's burden of proving that Chavez pleaded guilty to a felony drug offense covered by the federal Controlled Substance Act. Those documents consisted of: (1) a complaint that charged Chavez with a felony violation of Cal. H&S § 11378, alleging possession for sale of methamphetamine, and a misdemeanor violation of Cal. H&S § 11357, alleging possession of marijuana; and (2) a state felony plea form on which Chavez placed his initials next to a preprinted line that stated: "Factual Basis: I agree that I did the things that are stated in the charges that I am admitting." The California Superior Court convicted Chavez of a single felony count of possession for sale of methamphetamine in violation of Cal. H&S § 11378. That court then sentenced Chavez to three years of probation with a condition that he serve 150 weekend-days in jail. The court also dismissed the misdemeanor count.[6]

---

[6] In March 2010, the California Superior Court ordered vacatur of Chavez's guilty plea, the entry of a plea of not guilty, and dismissal of the complaint. *See* n.2, *supra*.

Chavez contends that before the California Superior Court he merely admitted to doing the things that are stated in the charges, not the counts. The government responds that these documents are enough, notwithstanding any ambiguity between "count" and "charge," and that Chavez cannot meet his burden of showing that his substantial rights were affected. The government also argues that if Chavez had raised this objection before the district court, the government may have then obtained and submitted further documentation from the state court proceeding to support the findings that were required to increase Chavez's mandatory minimum sentence from 10 years to 20.

As the government concedes, however, the district judge failed to comply with § 851(b) by not specifically asking Chavez whether he affirmed or denied his 2007 felony drug conviction and by not informing Chavez that he needed to raise any challenge to that conviction before sentence was imposed. We find that there is enough ambiguity here to conclude that Chavez has satisfied the third prong of plain error review.[7]

---

[7] Chavez's alternative third-prong argument is based on the distinction between optical and geometrical (or diastereomic) isomers of methamphetamine. Both types of isomers are prohibited under Cal. H&S § 11378, but only the former type of isomer is prohibited under federal law. This raises the issue of whether the California law is overbroad and thus cannot serve as a predicate offense for Chavez's federal mandatory minimum sentence enhancement. The government responds that this apparent facial overbreadth is legally irrelevant because, as the government asserts, geometrical isomers of methamphetamine do not exist in the real world. We recently remanded that question for further factual development in

Finally, the fourth prong of plain error review, relating to the fairness, integrity, or public reputation of judicial proceedings, is satisfied in this case. We have previously stated that a district judge must strictly comply with § 851(b)'s procedural safeguards, and we have reversed and remanded for resentencing when that has not been done. *See Rodriguez*, 851 F.3d at 946 ("We require strict compliance with the procedural aspects of section 851(b). The § 851(b) colloquy is not merely a procedural requirement. It serves a functional purpose to place the procedural onus on the district court to ensure defendants are fully aware of their rights.") (citations and quotation marks omitted); *see also United States v. Ocampo-Estrada*, 873 F.3d 661, 667 (9th Cir. 2017) (citing *Rodriguez* for the proposition that strict compliance with § 851(b) is required to ensure that defendants are "fully aware of their rights").

By failing to comply with the procedural safeguards required under § 851(b), the district court foreclosed Chavez from challenging the district court's conclusion that it was required to use Chavez's 2007 conviction under Cal. H&S § 11378 as a qualifying felony drug offense. "We have regularly deemed the fourth

---

another case, and we express no opinion here on that matter. *See United States v. Rodriguez-Gamboa*, 946 F.3d 548, 552 (9th Cir. 2019) 552 (explaining that "resolution of the factual issue of whether geometric isomers of methamphetamine exist has the potential to inform our disposition of this appeal and future cases" regarding the scope of Cal. H&S § 11378 and remanding that issue for limited factfinding).

prong of the plain error standard to have been satisfied where . . . the sentencing court committed a legal error that *may* have increased the length of a defendant's sentence." *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011) (emphasis added) (citations omitted). Based on Chavez's 2007 California conviction, the district court concluded that it was required to double Chavez's mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 10 years to 20 years.[8]

Defendant's sentence is **VACATED**, and we **REMAND** for resentencing.

---

[8] This statute directs a mandatory minimum sentence of at least 10 years. Under the version of the statute applicable when Chavez was sentenced, a district court must double the mandatory minimum sentence to 20 years for any defendant with a qualifying prior conviction for a "serious drug felony" (previously called a "felony drug offense"). Under the First Step Act of 2018, however, a prior conviction for a serious drug felony increases the 10-year mandatory minimum to only 15 years, not 20 years. 21 U.S.C. § 841(b)(1)(A) (2019). *See* Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act of 2018") at Title IV, § 401(a)(2). In addition, under this law, the term "serious drug felony" now requires, among other things, that "the offender served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(57)(A) (2019). *See* First Step Act of 2018 at Title IV, § 401(a)(1). Because Chavez was sentenced in his prior conviction to probation with a condition that he serve 150 weekend-days in jail, that prior conviction would no longer appear to qualify as a "serious drug felony" for purposes of increasing his minimum mandatory sentence above 10 years. The amendments brought about under the First Step Act, however, "apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." First Step Act of 2018 at Title IV, § 401(c) (emphasis added). We express no opinion on whether these amendments would apply to Chavez at resentencing.