NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-664 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-10125-RBM-1 |
| v. | MEMORANDUM[*] |
| JOSE LUIS MEJIA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court for the
Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted October 11, 2024[**]
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Jose Luis Mejia appeals his sentence for violating a condition of supervised

release. The district court held a single sentencing hearing during which it

sentenced Mejia to 18 months for violating 8 U.S.C. § 1324, plus a consecutive

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ten-month term for violating a condition of his supervised release under 18 U.S.C. § 3583(e).  Mejia contends that the district court procedurally erred in imposing the second sentence by (1) providing an inadequate explanation of the sentence and (2) denying him his right to allocution.

We have jurisdiction under 28 U.S.C. § 1291.  Where, as here, a defendant raises an objection to sentencing for the first time on appeal, "we apply plain error review." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).  We have historically reviewed denials of the right to allocution for harmless error regardless of whether the defendant objected at sentencing.  *See United States v. Gunning*, 401 F.3d 1145, 1147, 1149 n.6 (9th Cir. 2005); *United States v. Daniels*, 760 F.3d 920, 922 (9th Cir. 2014).  Finding no error, we affirm.

1.  "The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).  This explanation will ideally "come from the bench, but adequate explanation in some cases may also be inferred from the PSR or the record as a whole." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Consideration of the entire record allows us to infer the district court's rationale.  Mejia's arguments were straightforward, and the district court imposed a

sentence within the Guidelines range for the violation of supervised release. *See* U.S. Sent'g Guidelines Manual ch. 7, pt. B, introductory cmt. (U.S. Sent'g Comm'n 2023); *id*. § 7B1.4, p.s. The district court reviewed the presentence report and sentencing memoranda from the parties, listened to argument, and directly rejected at least one of Mejia's arguments. Although the court's oral explanation was brief, it was adequate because the court's reasoning was expressed or implied elsewhere in the record.

2. Federal Rule of Criminal Procedure "32.1(b)(2)(E) requires a court to address a supervised releasee personally to ask if he wants to speak before the court imposes a post-revocation sentence." *Daniels*, 760 F.3d at 924. The district court invited Meija to speak before imposing the sentence for violating 8 U.S.C. § 1324, and he did so minutes before the court turned to the sentence for the supervised release violation. Under these circumstances, Mejia's right to allocution was not violated because he had an "opportunity to make a statement and present any information in mitigation" before the revocation sentence was imposed. *See* Fed. R. Crim. P. 32.1(b)(2)(E).

**AFFIRMED.**